CAMDEN COUNTY CIRCUIT COURT.

SECURITY TRUST COMPANY OF POTTSTOWN, A CORPORATION, PLAINTIFF, v. W. M. ANDERSON, DEFENDANT.

For the plaintiff, *Wilfred B. Wolcott.*

For the defendant, *Bleakly, Stockwell & Burling.*

DAVIS, J. In the case above stated I allowed a rule to show cause why the judgment by default against the defendant should not be opened and he be permitted to file an answer. Depositions were taken under this rule.

The suit was commenced by the plaintiff against the defendant, in attachment, and judgment was entered on June 16th, 1931. At the time the attachment was issued the defendant was a resident of the Commonwealth of Pennsylvania and the plaintiff was a corporation of the same commonwealth. This suit could have been instituted in Pennsylvania but the plaintiff, due to the fact that there were certain moneys held by the county of Camden representing the balance due the defendant on his contract, commenced its suit by attachment in this court. The defendant had no actual notice of the issuance of the writ of attachment, his notice being entirely a constructive one under the statute. It would seem, therefore, that if he appears to have a meritorious defense to the action that the judgment should be opened and he be permitted to file an answer.

The defendant entered into agreements with the city of Camden and the county of Camden, municipal corporations of the State of New Jersey, for the furnishing of labor and material to construct and install a heating and ventilating system in the Camden county court house annex, and contracted with Sotter Brothers Company for a portion of the work for which he was obligated under his agreements with the city and county of Camden.

The defendant gave bonds as required by the provisions of chapter 75, *Pamph. L.* 1918, as amended. Under the provisions of this act these bonds obligated the defendant for the payment for all labor performed or materials furnished in connection with his agreements with the city and county of Camden.

Sotter Brothers Company, the subcontractor, became insolvent before completing its portion of the contract and the defendant was required to complete the same. Sotter Brothers Company, by assignment, assigned its interest in moneys due to it by the defendant, to the plaintiff in this case. The defendant had paid to Sotter Brothers Company, or the plaintiffs, its assignee, on account of moneys due, the sum of $9,200, leaving a balance in the hands of the defendant of $5,785, representing the balance due Sotter Brothers Company under its contract before its insolvency.

The defendant under his contract with the city and county of Camden was required to complete the work after Sotter Brothers Company became insolvent, and the cost of completing it amounted to $1,490.25. The right of the defendant to deduct this amount from the balance of $5,785 is not seriously disputed by the plaintiff.

The defendant, in addition to completing the work of Sotter Brothers Company, paid certain claims for labor performed and materials furnished on the job to Sotter Brothers Company prior to its insolvency. It appears by the contracts entered into by the defendant with the city and county of Camden and by his bond given in connection with these contracts, that he was obligated to pay these claims. The plaintiff contends that there was not a compliance with the pro-

visions of the statute by the claimants of Sotter Brothers Company and therefore the defendant had no right to pay out of the moneys in his hands due Sotter Brothers Company and assigned to the plaintiff these claims.

Under the statute requiring bond to be given, obligating the contractor to pay for all labor performed or materials furnished, it is provided that any person, firm or corporation to whom any money shall be due, shall furnish the sureties on said bond with a statement of the amount due within eighty days after the acceptance of the contract, and that no suit shall be brought against said sureties on said bond until the expiration of sixty days after the furnishing of said statements. The statute does not require any notice to be given to the contractor who is the principal on the bond.

It appears that the defendant had knowledge of these claims and knew of his obligation under his contract and bonds to pay the same. The filing of the statement required by the statute seems to have been required for the benefit of the sureties. Nothing in the statute requires any notice to be given to the principal or contractor. The defendant being obligated to pay these claims of Sotter Brothers Company upon its default assumed that no further proceedings were necessary on the part of the claimants to permit him to make the payments.

In view of the insolvency of Sotter Brothers Company and its inability to pay these claims, no good purpose could be served by the defendant submitting to a suit against him upon being satisfied of the correctness of the claims.

While Sotter Brothers Company had assigned its interest to the plaintiff in moneys due to it by the defendant, such an assignment could only have the effect of entitling the plantiff to the balance of these moneys after the deduction by the defendant of the amounts of money which the defendant was obligated to pay and expend by reason of the default and insolvency of Sotter Brothers Company.

The defendant has, I feel, shown such a meritorious defense as to entitle him to its benefit. The rule to show cause will be made absolute.